# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL PULIDO,<br><br>Defendant. | Case No. 2:11-CR-00102-APG-CWH<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE**<br><br>(ECF Nos. 70, 73) |

Defendant Mitchell Pulido moves to correct his sentence under 28 U.S.C. § 2255. He challenges his conviction for a crime of violence under 18 U.S.C. § 924(c). This conviction requires that he was convicted for a "crime of violence." In Pulido's case, his crime of violence was Hobbs Act robbery under 18 U.S.C. § 1951. Pulido contends that intervening Supreme Court caselaw, particularly *Johnson v. United States*, clarifies that Hobbs Act robbery does not qualify as a crime of violence.

But after *Johnson* issued, the Ninth Circuit confirmed that Hobbs Act robbery still qualifies as crimes of violence under § 924(c). I therefore deny Pulido's motion.

## Discussion

Section 924(c) requires that Pulido committed a "crime of violence." A crime of violence is defined, as is relevant here, as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[1] Thus one commits a crime of violence by either threatening, or actually using, physical force against a victim or his

---

[1] 18 U.S.C. § 924(c). The parties also dispute whether Pulido's crime might qualify as a crime of violence under another portion of § 924(c), referred to as the residual clause. But because I hold that Pulido qualifies for the crime-of-violence conviction without resorting to that clause, I need not address this thorny issue. The parties also dispute whether Pulido is procedurally barred from appealing his sentence, but because I hold that he fails on the merits, I need not address that issue either.

property. In the context of the (ACCA), the Supreme Court has interpreted "physical force" to mean "violent force—that is, force capable of causing physical pain or injury to another person."[2] And courts have commonly applied this interpretation to § 924(c)'s force clause.[3]

The predicate conviction the sentencing judge used for the § 924(c) conviction here is Hobbs Act robbery.[4] The Hobbs Act defines robbery with language similar to § 924(c), prohibiting "threatened" or actual "force":

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.[5]

Pulido contends that Hobbs Act robbery can be committed by merely instilling "fear" in a victim and that this does not equate to § 924(c)'s definition. He also contends that one can commit this crime with de minimis force, which is not enough to be "violent force."

But the Ninth Circuit has held as recently as last year that Hobbs Act robbery qualifies as a crime of violence.[6] In *U.S. v. Howard*, the court explained in an unpublished decision that there is no way to commit Hobbs Act robbery without putting the victim in fear of bodily harm—and that this sort of fear qualifies as actual or threatened physical force under § 924(c). District courts have followed suit, repeatedly holding that Hobbs Act robbery qualifies as a crime of violence

---

[2] *Johnson v. United States*, 559 U.S. 133 at 140 (2010).

[3] *United States v. Bell*, 2016 WL 344749 at *2 (N.D. Cal. Jan. 28, 2016).

[4] Pulido pleaded guilty to Hobbs Act robbery under 18 U.S.C. § 1951 and to using a firearm in commission of this robbery under § 924(c). ECF No. 34.

[5] 18 U.S.C. § 1951.

[6] *Howard*, 2016 WL 2961978, at *1 (holding Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*).

under § 924(c) because by "placing someone 'in fear of injury' to his person or property," the defendant uses the sort of "physical force" that satisfies § 924(c).[7]

As to whether one can commit Hobbs Act robbery with too little force to qualify as the sort of violent force contemplated by § 924(c), I agree with the weight of authority that finds this argument "unavailing."[8]  Even if there is some theoretical possibility that one could commit Hobbs Act robbery using de minimis force—and I am not convinced there is—Pulido must demonstrate that there is "a realistic probability, not a theoretical possibility" that this is so.[9]  "To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case.  But he must at least point to his own case or other cases in which the [ ] courts in fact did apply the statute in the . . . manner for which he argues."[10]

---

[7] *United States v. Smith*, 2016 WL 2901661, at *4 (D. Nev. May 18, 2016); *see also U.S.A. v. Dorsey*, 2016 WL 3381218, at *2 (C.D. Cal. June 8, 2016); *United States v. Bundy*, 2016 WL 8730142, at *24 (D. Nev. Dec. 30, 2016); *United States v. Hill,* 832 F.3d 135, 144 (2d Cir. 2016); *In re Saint Fleur,* 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Crawford*, 2016 WL 320116, *3 (N.D. Ind. Jan. 27, 2016) (denying defendant's motion to dismiss indictment charging him with § 924(c) offense based on a Hobbs Act robbery); *United States v. Pena*, 2016 WL 690746, *8 (S.D.N.Y. Feb. 11, 2016) (same); *United States v. Coleman*, 2016 WL 1435696, *2-3 (N.D. Ill. Apr. 12, 2016) (same); *United States v. Williams*, 179 F. Supp. 3d 141, 144– 55 (D. Me. Apr. 15, 2016) (same); *United States v. McCallister*, 2016 WL 3072237, *1 (D.D.C. May 31, 2016) (same); *United States v. Barrows*, 2016 WL 4010023, *2–6 (D. Nev. July 25, 2016) (same); *United States v. Nguyen*, 2016 WL 4479131, *2–3 (D. Kan. Aug. 25, 2016); *United States v. Davis*, 2016 WL 6473074, *4 (N.D. Cal. Nov. 2, 2016); *see also United States v. Evans,* __ F.3d __, No. 16-4094 (4th Cir. Feb. 2, 2017) (holding that federal carjacking, which can be accomplished "by force and violence or by intimidation," qualifies as a crime of violence under § 924(c)).

[8] *United States v. Johnson*, 2016 WL 7223264, at *3 (C.D. Cal. Dec. 12, 2016); *see also United States v. Casas*, 2017 WL 1008109, at *3 (S.D. Cal. Mar. 14, 2017); *United States v. Bailey*, 2016 WL 3381218, at *4-5 (C.D. Cal. June 8, 2016); *United States v. Lenzy*, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); *United States v. Williams*, 179 F. Supp. 3d 141, 151-52 (D. Me. 2016).

[9] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (quotation omitted).

[10] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

Pulido has not demonstrated a reasonable likelihood that anyone is convicted for Hobbs Act robbery because they used de minimis force. He does not offer a single case in which someone was convicted for Hobbs Act robbery using de minimis force. Instead, he relies on different crimes or cases about common law robbery, none of which proves that there is a realistic possibility anyone is being convicted for Hobbs Act robbery for using de minimis force. Pulido has thus not shown that his § 924(c) conviction is infirm.

In light of this authority, I deny Pulido's motion.

**Conclusion**

IT IS THEREFORE ORDERED that defendant's motions under 28 U.S.C. § 2255 **(ECF Nos. 70, 73) are DENIED**.

DATED this 15th day of May.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE