UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:11-CR-00102-APG-CWH |
|---|---|
| Plaintiff, | **ORDER GRANTING CERTIFICATE OF APPEALABILITY** |
| v. | |
| MITCHELL PULIDO, | |
| Defendant. | |

I denied defendant Mitchell Pulido's motion to correct his sentence under 28 U.S.C. § 2255. ECF No. 77. To appeal that order, Pulido must receive a certificate of appealability.[1] To obtain that certificate, Pulido "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[2] This standard is "lenient."[3]

When applying the "hopeless tangle" "of inconsistent case law" that makes up the categorical test, reasonable jurists often disagree.[4] Although I follow the Ninth Circuit's lead in holding that Pulido's convictions qualify as crimes of violence, other courts have held otherwise. I thus grant Pulido's request for a certificate of appealability.

/ / / /

/ / / /

/ / / /

---

[1] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[2] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

[3] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

[4] *United States v. Ladwig*, 192 F. Supp. 3d 1153 (E.D. Wash. 2016) (noting that this test "has stymied law clerks and judges alike in a morass of inconsistent case law").

IT IS THEREFORE ORDERED that the defendant is granted a certificate of appealability.

DATED this 16th day of May.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE